## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RONALD E. DAVIS,

      **Plaintiff,**

      **v.**

STATE OF CALIFORNIA, CALIFORNIA
FRANCHISE TAX BOARD, and CALIFORNIA
STATE AGENCY INSURER,

      **Defendant.**

Case No. 17-2125-JAR

## MEMORANDUM AND ORDER DENYING CLERK'S ENTRY OF DEFAULT

Plaintiff Ronald E. Davis, proceeding pro se, brings this action against Defendants

seeking to recover for alleged violations of his privacy and Constitutional rights, as well as

negligence. This matter comes before the Court on Plaintiff's Applications for Clerk's Entry of

Default (Docs. 6, 7, and 8).  Plaintiff seeks entry of default against Defendants State of

California, California Franchise Tax Board, and California State Agency Insurer.  Fed. R. Civ. P.

55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has

failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk

must enter the party's default."  Because a party has no duty to plead until properly served,

sufficient service of process is a prerequisite to entry of default.[1]

Pursuant to Fed. R. Civ. P. 4(l)(1), proof of service must be made to the court unless the

defendant waives service.  "Except for service by a United States Marshal, proof must be by the

server's affidavit."[2]  The District of Kansas provides a form summons in civil actions, and this

---

[1] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1269 n.12 (D. Kan. 2008).

[2] Fed. R. Civ. P. 4(l)(1).

form includes an affidavit of proof of service.[3]  Additionally, the District of Kansas' *Pro Se Guide* instructs plaintiffs to "remember that each defendant gets his or her own summons to be served on his or her defendant and that *one additional summons per defendant will be required to be returned to the clerk's office for filing after service has been made on each defendant.*"[4]

Plaintiff did not return the summons or proof of service affidavit to the Clerk of Court. Instead, Plaintiff submitted three separate documents, which each appear to be United States Postal Service certified mail receipts indicating that Plaintiff mailed items to three different California addresses, and that recipients at each address signed for the items.[5]  These documents, however, are not affidavits of proof of service, are not affirmed under penalty of perjury, do not mention a summons or Plaintiff's Complaint being sent,[6] and do not name the individuals or the titles of the individuals who received service.

Additionally, because Plaintiff brings this action against three apparent state entities of California, Plaintiff must either (1) deliver a copy of the summons and the Complaint to each entity's chief executive officer; or (2) serve a copy of the summons and Complaint in the manner prescribed by that state's (California) law for serving a summons on such a defendant.[7] California allows for service of summons by mail, but a plaintiff who serves a defendant using this method must include in its serving papers a form notice and acknowledgment of receipt of summons—these forms are set forth in California's Code of Civil Procedure.[8]  Submitting the

---

[3]*Available at* http://www.ksd.uscourts.gov/summons-in-a-civil-action-ao-440-2/.

[4]*Filing Your Lawsuit in Federal Court: A Pro Se Guide*, United States District Court District of Kansas, at 9 (2016), *available at* http://www.ksd.uscourts.gov/filing-your-lawsuit-in-federal-court-a-pro-se-guide-2/.

[5]Docs. 3, 4, & 5.

[6]*Judd v. F.C.C.*, 276 F.R.D. 1, 6–7 (D.D.C. 2011) (affidavit of service that made no mention of summons or complaint were not proper proof of service).

[7]Fed. R. Civ. P. 4(j)(2).

[8]Cal. Civ. Proc. Code § 415.30.

acknowledgment of receipt of summons to the court after service of process constitutes proper proof of service.[9]

Plaintiff submitted to the Court neither (1) the affidavit of proof of service contained in the summons this Court issues; or (2) an acknowledgement of receipt of summons that complies with California law for service of process.  Plaintiff's documents do not serve as sufficient proof of service, as required under Fed. R. Civ. P. 4(l)(1).  Without proof that Defendants were properly served, the Court cannot find that Defendants failed to plead or defend.  Accordingly, the Court denies Plaintiff's applications for clerk's entry of default.

Fed. R. Civ. P. 4(l)(3) provides that failure to prove service does not affect the validity of service, and that a court may permit proof of service to be amended.  The Court grants Plaintiff leave to amend his proof of service to comply with the requirements of Fed. R. Civ. P. 4.  Upon a showing of proper service, Plaintiff may file a renewed application for clerk's entry of default.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Applications for Clerk's Entry of Default (Docs. 6, 7, and 8) are **denied**.  Plaintiff may amend his proofs of service to reflect proper service of process.

**IT IS SO ORDERED.**

Dated: April 3, 2017

> S/ Julie A. Robinson
> JULIE A. ROBINSON
> UNITED STATES DISTRICT JUDGE

---

[9]Cal. Civ. Proc. Code § 417.10; Fed. R. Civ. P. 4(l)(1) (explaining that affidavit of server is required to establish proof of service).