# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**RONALD E. DAVIS,**

    **Plaintiff,**

    **v.**

**STATE OF CALIFORNIA, et al.,**

    **Defendants.**

Case No. 17-2125-JAR-JPO

## MEMORANDUM AND ORDER

Plaintiff Ronald E. Davis, proceeding pro se, brings this action against Defendants the State of California, California Franchise Tax Board, and California State Agency Insurer, seeking to recover for alleged violations of his privacy and constitutional rights, as well as negligence. This matter comes before the Court on Plaintiff's Motions to Reconsider (Docs. 17, 18) this Court's orders denying his application for entry of default and default judgment under Fed. R. Civ. P. 55,[1] and Motion for Leave of Court to Correct (Doc. 14). As described more fully below, Plaintiff's motions to reconsider are denied. Plaintiff's motion for leave to correct proof of service is moot.

**I.    Motions to Reconsider**

The Court denied Plaintiff's motion for entry of default against Defendants under Fed. R. Civ. P. 55(a), which provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The Court determined that Plaintiff had

---

[1] Docs. 12, 13.

failed to submit sufficient proof of service and therefore denied his motion.[2]  Plaintiff asks this Court to reconsider its denial of his motion for default, arguing that he complied with California law in serving process in this case, and that the State in fact received process as evidenced by a letter he received from its counsel advising him that it was not properly served under the Federal Rules.

A party may seek reconsideration of a non-dispositive order on the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[3]  Plaintiff has failed to establish any of these grounds in his motion for reconsideration.  As the Court explained in its order denying default, Plaintiff failed to provide sufficient proof that Defendant had been properly served.  He submitted neither (1) the affidavit of proof of service contained in the summons this Court issues; nor (2) an acknowledgement of receipt of summons that complies with California law for service of process.

Plaintiff urges that he complied with a California statute in serving process on Defendants, citing Cal. Civ. Proc. Code § 416.50.  That provision applies to public entities and states: "(a) A summons may be served on a public entity by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body."  The problem with Plaintiff's proof of service however, was not whether or not he complied with this California provision.  As the Court explained in its order, he failed to submit an affidavit of service.  Instead, Plaintiff submitted three separate documents, which each appear to be United States Postal Service certified mail receipts indicating that Plaintiff mailed

---

[2]A party has no duty to plead until properly served, therefore sufficient service of process is a prerequisite to entry of default.  *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1269 n.12 (D. Kan. 2008).

[3]D. Kan. R. 7.3(b).

items to three different California addresses, and that recipients at each address signed for the items.[4] These documents, however, are not affidavits of proof of service, are not affirmed under penalty of perjury, do not mention a summons or Plaintiff's Complaint being sent,[5] and do not name the individuals or the titles of the individuals who received service. As the Court explained, this was insufficient. Plaintiff has not submitted documentation with his motions to reconsider that would cure this deficiency.

Plaintiff suggests that a letter he received from Defendants' counsel acknowledging receipt of the Complaint and summons is sufficient proof of service. But actual notice is insufficient, standing alone, as a substitute for proper service, particularly where a plaintiff seeks default judgment.[6] The Court declines to find sufficient process based on the April 7 letter from Defendants' counsel attached to Plaintiffs' motions. Plaintiff's motions to reconsider are thus denied.

### B. Motions for Leave to Correct

After this Court's orders denying default, and before he sought reconsideration, Plaintiff filed his motion for leave to correct his proof of service in accordance with this Court's guidance in its order denying entry of default. The Court finds this request moot because in its order denying entry of default, the Court already granted Plaintiff leave to amend his proof of service to comply with Fed. R. Civ. P. 4.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motions to Reconsider (Docs. 17, 18) are **denied.**

---

[4] Docs. 3, 4, & 5.

[5] *Judd v. F.C.C.*, 276 F.R.D. 1, 6–7 (D.D.C. 2011) (affidavit of service that made no mention of summons or complaint were not proper proof of service).

[6] *Am. Exp. Centurion Bank v. Zara*, 199 Cal. App. 4th 383, 390–91 (Cal. Ct. App. 2011).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave of Court to Correct (Doc. 14) is **moot**.

**IT IS SO ORDERED.**

Dated: May 15, 2017

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE