# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

RONALD E. DAVIS,

    Plaintiff,

v.

STATE OF CALIFORNIA, et al.,

    Defendants.

Case No. 17-2125-JAR-JPO

## MEMORANDUM AND ORDER

Plaintiff, proceeding pro se, brings this action against Defendants State of California, California Franchise Tax Board, and California State Agency Insurer, alleging various Constitutional, federal statutory, and tort claims related to Defendants' collection and use of his personal information in the course of collecting taxes. This matter comes before the Court on Defendant California Franchise Tax Board's Motion to Dismiss (Doc. 22), Defendant State of California's Motion to Dismiss (Doc. 29), Plaintiff's Motion for Judgment on the Pleadings (Doc. 33), and Defendants California Franchise Tax Board and State of California's Motion for Summary Judgment (Doc. 35). The motions are fully briefed and the Court is prepared to rule. For the reasons explained more fully below, the Court grants Defendants' motions to dismiss, and denies Plaintiff's motion for judgment on the pleadings and Defendants' motion for summary judgment as moot.

**I.     Legal Standard**

Although Defendants move for dismissal under Fed. R. Civ. P. 12(b)(6), they argue for dismissal based on sovereign immunity and the principle of comity. Both sovereign immunity and the principle of comity are matters of subject matter jurisdiction, which may be challenged

under Fed. R. Civ. P. 12(b)(1).[1] The Court therefore construes Defendants' motion to dismiss based on sovereign immunity as an argument for dismissal under Rule 12(b)(1).

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"[2] Federal district courts have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States or where there is diversity of citizenship.[3] "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[4] The burden of establishing a federal court's subject matter jurisdiction falls upon the party asserting jurisdiction.[5] A motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) takes one of two forms: a facial attack or a factual attack.[6] A "facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint."[7] When the attack on subject matter jurisdiction is facial, as in this case, "a district court must accept the allegations in the complaint as true."[8] "[O]nce effectively

---

[1] *E.F.W. v. St. Stephen's Indian High Sch.*, 264 F.3d 1297, 1302–03 (10th Cir. 2001) ("Tribal sovereign immunity is a matter of subject matter jurisdiction, which may be challenged by a motion to dismiss under Fed. R. Civ. P. 12(b)(1).") (citations omitted); *Kaul v. Battese*, No. 03-4203-SAC, 2004 WL 1732309, at *1 (D. Kan. July 27, 2004); *Lawyer v. Hilton Head Pub. Serv. Dist. No. 1*, 220 F.3d 298, 302 (4th Cir. 2000) (citing *Fair Assessment in Real Estate Ass'n Inc. v. McNary*, 454 U.S. 100, (1981) (explaining that principle of comity is a jurisdictional issue).

[2] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

[3] 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1332 (diversity of citizenship).

[4] *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citing *Bradbury v. Dennis*, 310 F.2d 73 (10th Cir. 1962), cert. denied, 372 U.S. 928 (1963)).

[5] *Id.* (citing *Becker v. Angle*, 165 F.2d 140 (10th Cir. 1947)).

[6] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

[7] *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)).

[8] *Id.*; *see also Gosselin v. Kaufman*, 656 F. App'x 916, 918 (10th Cir. 2016).

asserted[,] [Eleventh Amendment immunity] constitutes a bar to the exercise of federal subject matter jurisdiction."[9]

## II. Factual Background

The following facts are taken from Plaintiff's Complaint and are construed in the light most favorable to him. Plaintiff is a citizen of Kansas, and he alleges in a separate case before this Court that Defendants State of California and California Franchise Tax board wrongfully assessed taxes against him.[10] In this case, Plaintiff alleges that in the course of collecting his taxes, Defendants violated his constitutional rights and various federal statutes, and acted negligently by collecting and maintaining his "personal private information," including his earnings, social security number, and address.[11] On February 16, 2017, Plaintiff spoke with a representative of Defendant California Franchise Tax Board ("CFTB"), and he asked about what lawful reason the CFTB had for the possession of his personal information. Defendant alleges the representative's response "was evasive, and or foolish, as to subject matter of the query."[12] The Court construes Plaintiff's Complaint as alleging violations of the Fourth, Fifth, Tenth, and Fourteenth Amendments, violations of 42 U.S.C. § 2000d-7, 5 U.S.C. § 552,[13] and 26 U.S.C. §§ 7431 and 6103, a claim for negligence and constitutional violations under 42 U.S.C. § 1983,[14] and claims of invasion of privacy and intrusion upon seclusion. Plaintiff seeks money damages, and also seeks to enjoin Defendants from obtaining or using his personal information.

---

[9] *Fent v. Okla. Water Res. Bd.,* 235 F.3d 553, 559 (10th Cir. 2000) (original emphasis omitted).

[10] Case no. 16-cv-2506-CM-JPO (D. Kan.), Doc. 1.

[11] Doc. 1 at 2.

[12] Doc. 1 at 1.

[13] Plaintiff refers to both 5 U.S.C. § 552 and "5 U.S.C. § 522." The Court is unaware of a statute codified at 5 U.S.C. § 522. The Court therefore construes Plaintiff's claim as one brought under 5 U.S.C. § 552.

[14] *Id.* at 3 (alleging "Constitutional tort 42 U.S.C. [§] 1983 tort of negligence.").

3

**III.     Discussion**

   **A.     Motion to Dismiss**

Defendants State of California and CFTB move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the basis of sovereign immunity and the principle of comity. As explained above, these arguments are jurisdictional, and thus the Court analyzes Defendants' motion under Fed. R. Civ. P. 12(b)(1).

   **1.     Sovereign Immunity**

"Sovereign immunity is the privilege of the sovereign not to be sued without its consent."[15] The principle of sovereign immunity, which is confirmed by the Eleventh Amendment, provides that states and state agencies are generally immune from suit.[16] When sovereign immunity applies, it deprives the court of subject matter jurisdiction, thereby shielding states from suit.[17] Thus, "[t]he Eleventh Amendment has been interpreted to bar suits against states and state agencies for money damages in federal court."[18] Sovereign immunity does not apply when a state waives its immunity, and in some circumstances Congress may abrogate states' sovereign immunity by appropriate legislation.[19] "But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State."[20] A "waiver of sovereign immunity 'cannot be implied'"; it "must be unequivocally expressed."[21] Similarly,

---

[15]*Va. Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011).

[16]*Id.* (citing *Alden v. Maine*, 527 U.S. 706, 713 (1999)).

[17]*Robbins v. U.S. Bureau of Land Mgmt.*, 438 F.3d 1074, 1080 (10th Cir. 2006).

[18]*Tarrant Regional Water Dist. v. Sevenoaks*, 545 F.3d 906, 911 (10th Cir. 2008) (citing *Hans v. Louisiana*, 134 U.S. 1, 20–21, *Edelman v. Jordan*, 415 U.S. 651, 664–66 (1974); *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998), *overruled on other grounds by Hill v. Kemp*, 478 F.3d 1236, 1259 (10th Cir. 2007)).

[19]*Va. Office for Protection & Advocacy*, 563 U.S. at 253–54 (citations omitted).

[20]*Id.*

[21]*Modoc Lassen Indian Housing Auth. v. U.S. Dep't of Housing & Urban Devel.*, 864 F.3d 1212, 1228 (10th Cir. 2017) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).

"Congress' intent to abrogate the States' immunity from suit must be obvious from 'a clear legislative statement.'"[22]

Defendants argue that they are entitled to sovereign immunity and that immunity has not been waived or abrogated with respect to Plaintiff's suit. The Court agrees. The State of California and the CFTB are sovereigns that are entitled to absolute immunity.[23] Thus, having determined that Defendants are entitled to sovereign immunity, the Court turns to whether Defendants waived their immunity or Congress has abrogated it.

Plaintiff brings constitutional claims against Defendants under the Fourth, Fifth, Tenth, and Fourteenth Amendments. But the Constitution does not waive a state's sovereign immunity, and "constitutional amendments themselves 'do not constitute a waiver of sovereign immunity.'"[24] Plaintiff has identified no waiver of sovereign immunity for the type of constitutional claims he asserts, and the Court is aware of none. Therefore, the Court finds that Plaintiff's constitutional claims are barred by sovereign immunity.

Plaintiff also brings a claim under 42 U.S.C. § 1983, and the Court construes this claim as alleging negligence and the constitutional violations described above. Section 1983 provides a vehicle for plaintiffs to bring suits against persons "acting under color of state law" for

---

[22]*Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996) (quoting *Blatchford v. Native Village of Noatak & Circle Village*, 501 U.S. 775, 786 (1991)).

[23]*See* Cal. Gov't Code § 15700 ("There is in the state government, in the Operations Agency, a Franchise Tax Board . . . ."). As explained above, Plaintiff makes claims for both monetary damages and injunctive relief. *See supra* Part II. The Supreme Court has carved out an exception to Eleventh Amendment immunity for suits for injunctive relief against state officials in their official capacities. *Seminole Tribe*, 517 U.S. at 73 (citing *Ex Parte Young*, 209 U.S. 123 (1908)). But Plaintiff does not bring a suit against any state official. Instead, he brings claims against the State of California and state agencies. These Defendants are entitled to sovereign immunity as to Plaintiff's damages claim *and* his claim for injunctive relief, unless Defendants have waived their immunity or Congress has abrogated it. *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998).

[24]*Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005); *Ascot Dinner Theatre, Ltd. v. Small Bus. Admin.*, 887 F.2d 1024 (10th Cir. 1989) (collecting cases); *see Rapp v. U.S. Marshals Serv.*, 139 F. App'x 12 (10th Cir. 2005) (holding that sovereign immunity barred plaintiff's Fourth and Fifth Amendment claims against United States Marshals Service); *Strepka v. Miller*, 28 F. App'x 823, 828 (10th Cir. 2001) (holding that plaintiff's Fourth Amendment claims against officials in their official capacities were barred by sovereign immunity).

deprivations of constitutional or other federally protected rights.[25] Importantly, § 1983 does not abrogate states' sovereign immunity, and states and their agencies do not qualify as "persons" under § 1983.[26] Thus, Plaintiff's § 1983 claim must be dismissed because it is barred by sovereign immunity.

Plaintiff also brings claims under various federal statutes. First, he claims violations of 26 U.S.C. §§ 6103 and 7431. 26 U.S.C. § 6103 prohibits officers or employees of the United States or any State from disclosing any tax return or return information obtained in connection with the official's duties. 26 U.S.C. § 7431 "provides a cause of action to an aggrieved taxpayer for a violation of § 6103."[27] Section 7431(a)(1) states that "a taxpayer may bring a civil action for damages against the United States in a district court of the United States." Section 7431(a)(2) states that "if any person who is not an officer or employee of the United States" violates § 6103, an aggrieved taxpayer "may bring a civil action for damages against such person in a district court of the United States."

Section 7431(a)(1) acts as a limited waiver of sovereign immunity, as it clearly and unequivocally allows for damages suits against the United States—but not its agents or employees—for violations of § 6103.[28] By contrast, § 7431(a)(2) provides that if a person who "is not an officer or employee of the United States" violates § 6103, a taxpayer can bring a

---

[25] 42 U.S.C. § 1983; *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1156 (10th Cir. 2016) (citing *D.T. ex rel. M.T. v. Indep. Sch. Dist. No. 16*, 894 F.2d 1176, 1186 (10th Cir. 1990)). Because § 1983 provides an avenue only for constitutional or other federal statutory rights, Plaintiff's § 1983 negligence claim is not cognizable. *Hailes v. Asbury*, No. 08-3048-SAC, 2008 WL 2152186, at *1 (D. Kan. May 21, 2008) (citing *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990)) ("Because plaintiff alleges only negligence by the transporting guard, no cognizable claim for relief under 42 U.S.C. § 1983 is stated.").

[26] *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 67 (10th Cir. 1989); *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011) (citing *Will*, 491 U.S. at 71) ("§ 1983 does not abrogate state sovereign immunity—indeed, states are not even 'persons' within the meaning of § 1983.").

[27] 26 U.S.C. § 7431; *Rice v. United States*, 166 F.3d 1088, 1090 (10th Cir. 1999).

[28] *See Quinn v. United States*, No. Civ.-03-192-R, 2003 WL 22133715, at *3 (W.D. Okla. July 3, 2003); *Henkell v. United States*, No. S-96-2228 MLS GGH, S-97-0017 MLS GGH, 1998 WL 41565, at *8 (E.D. Cal. Jan. 9, 1998).

damages against "such person."  The "statutes impose liability on 'persons,' 'officers,' or 'employees' who disclose information 'in connection with [their] service as such an officer or employee.'  Those terms do not contemplate liability against a state agency."[29]  Thus, § 7431(a)(2) does not act as a waiver of states' sovereign immunity.  Plaintiff's claims under §§ 6103 and 7431 must therefore be dismissed because they are barred by sovereign immunity.

Plaintiff also brings a claim under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Although FOIA contains a limited waiver of sovereign immunity as to the United States, it has no application to state governments, and therefore does not abrogate state sovereign immunity.[30]  The Court therefore dismisses Defendant's claim under 26 U.S.C. § 552, as it is barred by sovereign immunity.

Plaintiff further alleges a claim under 42 U.S.C. § 2000d-7.  Section 2000d-7 provides that

> [a] State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973, title IX of the Education Amendments of 1972, the Age Discrimination Act of 1975, title VI of the Civil Rights Act of 1964, or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.[31]

Thus, § 2000d-7 provides a clear and unequivocal waiver of sovereign immunity for violations of federal statutes that prohibit discrimination by federal funding recipients.  Sovereign immunity is therefore not a barrier to a discrimination claim brought under § 2000d-7.  But giving Plaintiff's Complaint the most liberal reading, it is clear he has not alleged that Defendants violated any of the statutes listed in § 2000d-7(a)(1), or any other anti-discrimination

---

[29]*Long v. United States*, 972 F.2d 1174, 1177 (10th Cir. 1992).

[30]*Davidson v. Georgia*, 622 F.2d 895, 897 (5th Cir. 1980) ("the Freedom of Information Act has no application to state governments"); *Renfro v. City of Bartlesville*, No. 12-CV-208-GKF-PJC, 2012 WL 5996376, at *6 (N.D. Okla. Nov. 30, 2012) (citing *Davidson*, 622 F.2d at 897).

[31]42 U.S.C. § 2000d-7(a)(1) (citations omitted).

statutes. Plaintiff alleges that Defendants violated his privacy in various ways through the collection of his personal information in the course of collecting taxes. He does not allege a violation of any anti-discrimination statute or any facts consistent with a discrimination claim. Accordingly, because Plaintiff has failed to state a claim for a violation of any statute identified in § 2000d-7, the waiver of sovereign immunity applicable under that section does not apply to this case.

Plaintiff also brings a number of tort claims, including negligence, invasion of privacy, and intrusion upon seclusion. Defendants argue that California has not waived its sovereign immunity as to these types of claims. While California has waived its sovereign immunity for personal injury tort claims in several "rigidly delineated circumstances,"[32] the Court is not aware of any waiver as to general negligence, invasion of privacy, or intrusion upon seclusion claims, and Plaintiff has not pointed the Court to any statutory waiver as to these claims.[33] Accordingly, the Court finds that Plaintiff's tort claims are barred by sovereign immunity.

Finally, Plaintiff argues extensively in his response to Defendants' motion that Congress may require waiver of a state's sovereign immunity based on the acceptance of federal funds.[34] Plaintiff's statement of law is accurate.[35] But Plaintiff does not allege any claim that arises under

---

[32]*See* Cal. Gov't Code § 815 (retaining sovereign immunity in relation to all claims for injury caused by California government entities, "[e]xcept as otherwise provided by statute"); *Williams v. Horvath*, 548 P.2d 1125, 1127 (Cal. 1976) ("the intent of the [California Tort Claims Act] is not to expand the rights of plaintiffs in suits against governmental entities, but to confine potential governmental liability [to] rigidly delineated circumstances: immunity is waived only if the various requirements of the act are satisfied.").

[33]*See Bork v. Carroll*, 449 F. App'x 719, 721 (10th Cir. 2011) (citing *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999)) ("So it is that a plaintiff seeking to invoke the jurisdiction of the federal courts bears the burden of identifying an applicable statutory waiver of sovereign immunity when challenged to do so.").

[34]Doc. 31 at 3–5.

[35]*See, e.g.*, *Robinson v. Kansas*, 117 F. Supp. 2d 1124, 1132 (D. Kan. 2000) (citing *Sandoval v. Hagan*, 197 F.3d 484, 493 (11th Cir. 1999)) (recognizing that 42 U.S.C. § 2000d-7 "manifests an unmistakable intent to condition federal funds on a state's waiver of sovereign immunity" under Title VI).

a federal statutory scheme that conditions receipt of federal funds on a waiver of sovereign immunity. Thus, this legal principle does not apply to this case.

For the reasons explained above, the Court grants Defendants' motion to dismiss as to all claims on the basis of sovereign immunity.

### 2. Principle of Comity

Defendants argue that in addition to sovereign immunity, the principle of comity bars Plaintiff's suit. Comity is a prudential doctrine that "counsels lower federal courts to resist engagement in certain cases falling within their jurisdiction."[36] The doctrine reflects

> a proper respect for state functions, a recognition of the fact that the entire country is made of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways.[37]

In *Fair Assessment in Real Estate Association v. McNary*, the Supreme Court held that the principle of comity bars plaintiffs from asserting § 1983 actions against the validity of state tax systems in federal courts.[38] In reaching that holding, the Court explained that it had long "recognized the importance and sensitive nature of state tax systems and the need for federal-court restraint when deciding cases that affect such systems."[39] Accordingly, the court explained that "taxpayers must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate, and complete."[40] The Supreme Court has found that "California's refund procedures constitute a plain, speedy, and efficient remedy" under the Tax

---

[36] *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 421, 432 (2010).

[37] *Id.* at 421.

[38] 454 U.S. 100, 116 (1981).

[39] *Id.* at 102.

[40] *Id.* at 102.

9

Injunction Tax.[41] This Court is unaware of any way in which California's tax dispute procedures as a whole are not "plain, adequate, and complete."[42]

Accordingly, the Court finds that Plaintiff's claims, which challenge Defendants' use of his private information in administering California's tax system, would be more appropriately brought in a California state court.[43] The Court therefore grants Defendants' motion and dismisses Plaintiff's claims based on the principle of comity.[44]

### B. Motion for Summary Judgment

Defendants also move for summary judgment, again asserting sovereign immunity and the principle of comity, and arguing for dismissal of each of Plaintiff's claims on the merits. Because the Court grants Defendants' motion to dismiss on the basis of sovereign immunity and the principle of comity, the Court denies Defendants' motion for summary judgment as moot.

### C. Motion for Judgment on the Pleadings

Plaintiff moves for judgment on the pleadings in his favor. Because the Court dismisses Plaintiff's claims on the basis of sovereign immunity and the principle of comity, the Court denies Plaintiff's motion for judgment on the pleadings as moot.

---

[41]*Franchise Tax Bd. v. Alcan Aluminum Ltd.*, 493 U.S. 331, 338 (1989).

[42]*See Davis v. Bank of Am.*, Case No. 16-2506-CM (D. Kan.), Doc. 41 at 5 ("no one has argued California's tax dispute procedures are not 'plain, adequate, and complete'").

[43]*See id.* ("Plaintiff's tort claims or any remaining claims deriving from the disputed tax assessment by the Franchise Tax Board would be more appropriately brought in a California state court.").

[44]Defendants request that the Court grant their motion to dismiss without granting Plaintiff leave to amend. Plaintiff has not moved for leave to amend his Complaint, and any attempt to cure the deficiencies identified in this Order would likely be futile. *See Mbaku v. Bank of Am., Nat'l* Ass'n, 628 F. App'x 968, 977 (10th Cir. 2015) (citing *Hertz v. Luzenac Grp.*, 576 F.3d 1103, 1117 (10th Cir. 2009)) ("Although Fed. R. Civ. P. 15(a) provies that leave to amend shall be given freely, the trial court may deny leave to amend where amendment would be futile"). Accordingly, the Court declines to sua sponte grant Plaintiff leave to amend.

### D. Defendant California State Agency Insurer

Defendants assert in their memorandum in support of their motion for summary judgment that Defendant California State Agency Insurer does not exist.[45] Defendants, however, do not provide any evidentiary support for this assertion. It also appears that Defendant California State Agency Insurer has not been properly served under Fed. R. Civ. P. 4.[46] The Court therefore orders Plaintiff to show good cause by no later than November 13, 2017 why Defendant California State Agency Insurer should not be dismissed as a fictional entity, or alternatively dismissed pursuant to Fed. R. Civ. P. 4 for failure to properly serve a party.[47]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant California Franchise Tax Board's Motion to Dismiss (Doc. 22) and Defendant State of California's Motion to Dismiss (Doc. 29) are **granted**. Defendant's claims against Defendants State of California and California Franchise Tax Board are dismissed without prejudice.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's Motion for Judgment on the Pleadings (Doc. 33) is **denied as moot**.

**IT IS FURTHER ORDERED BY THE COURT** that Defendants California Franchise Tax Board and State of California's Motion for Summary Judgment (Doc. 35) is **denied as moot**.

**IT IS FURTHER ORDERED BY THE COURT** that **Plaintiff is ordered to show good cause by no later than November 13, 2017** why Defendant California State Agency

---

[45] Doc. 36 at 6 n.1.

[46] *See* Doc. 12 (denying Plaintiff's Applications for Clerk's Entry of Default because Plaintiff failed to present proof of proper service of process).

[47] *See* Fed. R. Civ. P. 4(l); *Lasky v. Lansford*, 76 F. App'x 240, 242 (10th Cir. 2003) (finding district court did not abuse discretion in dismissing complaint without prejudice based on plaintiff's failure to properly effect service of process); *Weiner v. Garone*, No. Civ. 08-2365(WHW), 2009 WL 1795799, at *1 (D.N.J. June 23, 2009) (dismissing claims against defendant where plaintiff did not respond to argument that defendant was a fictional entity, because "claims against a fictional entity are not cognizable").

Insurer should not be dismissed because it is a fictional entity and because Plaintiff failed to effect proper service of process under Fed. R. Civ. P. 4.

**IT IS SO ORDERED.**

Dated: October 20, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE
