## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RONALD E. DAVIS,

     **Plaintiff,**

     **v.**

STATE OF CALIFORNIA, et al.,

     **Defendants.**

**Case No. 17-2125-JAR-JPO**

## MEMORANDUM AND ORDER

On October 20, 2017, the Court issued a Memorandum and Order in this case granting Defendants State of California and California Franchise Tax Board's ("CFTB") Motions to Dismiss, and denying as moot Defendants State of California and CFTB's Motion for Summary Judgment (Doc. 40). The Court also ordered Plaintiff to show cause by no later than November 13, 2017 why Defendant California State Agency Insurer should not be dismissed because it is a fictional entity and because Plaintiff failed to effect proper service of process under Fed. R. Civ. P. 4. This matter comes before the Court on Plaintiff's Motion for Relief from Judgment (Doc. 42), "Motion for Leave of Court to Amended [sic] and Correct Typo Error in Reference to Prior Supreme Court Reference" (Doc. 47), and Motion for Disqualification of Judge (Doc. 48). The Government responded to Plaintiff's motion for relief from judgment, but not his two other motions. The Court is now prepared to rule. For the reasons explained below, the Court denies Plaintiff's motion for relief from judgment, grants his motion for leave to correct typo, and denies his motion for disqualification of judge. Additionally, because Plaintiff has failed to show cause why Defendant California State Agency Insurer should not be dismissed, the Court dismisses California State Agency Insurer from this case. Accordingly, this case is dismissed in its entirety.

## I.      Order to Show Cause

In its Memorandum and Order issued on October 20, 2017, the Court noted Defendants'

argument that Defendant California State Agency Insurer does not exist, and explained that it

appeared Plaintiff had not properly served this Defendant under Fed. R. Civ. P. 4.  Accordingly,

the Court ordered Plaintiff to show cause by no later than November 13, 2017 why this

Defendant should not be dismissed from this case.[1]  The time for Plaintiff to respond to the

Court's order has long passed without a response from Plaintiff.  Therefore, the Court dismisses

California State Agency Insurer from this case.

## II.     Motion for Leave to Correct Typo

Plaintiff moves for leave to correct a reference to *Monroe v. Pape*[2] he apparently made in

his reply in support of his motion for relief from judgment.[3]  Plaintiff states he incorrectly

referred to the case as "*Monroe v. Tate*."  For good cause, the Court grants Plaintiff's motion.

Rather than directing Plaintiff to file an amended reply brief, the Court simply recognizes that

the case Plaintiff refers to in his reply is *Monroe v. Pape*.

## III.    Motion for Relief from Judgment

Plaintiff moves for relief from judgment[4] under Fed. R. Civ. P. 60(b).  "Relief under Rule

60(b) is extraordinary and limited to certain exceptional circumstances."[5]  Under Rule 60(b),

---

[1]Doc. 40 at 11.

[2]365 U.S. 167 (1961).

[3]Plaintiff states that he made the typo in a "prior answer."  Doc. 47-1.  However, Plaintiff appears to be referring to his reply brief, which refers to "*Monroe v. Tate*" on multiple pages.  *See* Doc. 46 at 3, 6–10.

[4]The Court did not enter a judgment in this case following the Order granting Defendants State of California and CFTB's motions to dismiss because Plaintiff still had a live claim against Defendant California State Agency Insurer.  Thus, while Plaintiff's motion is styled as a motion for relief from judgment, the Court construes the motion as one for relief from the Court's Order granting Defendants' motions to dismiss.

the court may relieve a party or its legal representative from a final judgment, order, or
proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have
     been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
     misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an
     earlier judgment that has been reversed or vacated; or applying it
     prospectively is no longer equitable; or
(6) any other reason that justifies relief.

"Thus, a motion for reconsideration [or motion for relief from judgment] is

appropriate where the court has misapprehended the facts, a party's position, or the

controlling law."[6]   A party's failure to present its strongest case in the first instance does

not entitle it to a second chance in the form of a motion for relief from judgment or

motion for reconsideration.[7]   Whether to grant a motion for relief from judgment under

Rule 60(b) is left to the Court's discretion.[8]

Plaintiff generally cites "overreach of authority, obstruction of process, [and]

violation of the plaintiffs [sic] due process and prior case law" as bases for relief from the

Court's judgment.[9]   Plaintiff also repeatedly argues that sovereign immunity and the

principle of comity do not apply to this case.  Additionally, Plaintiff argues "the court has

---

[5]*United States v. Johnson*, 934 F. Supp. 383, 385 (D. Kan. 1996) (citing *Nutter v. Wefald*, 885 F. Supp. 1445, 1449 (D. Kan. 1995)).

[6]*Servants of Paracelete v. Does*, 304 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brunmark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

[7]*Turner v. Nat'l Council of State Bds. Of Nursing, Inc.*, No. 11-2059-KHV, 2013 WL 139750, at *1–2 (D. Kan. Jan. 10, 2013) (citing *Cline v. S. Star Cent. Gas Pipeline, Inc.*, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005), *aff'd*, 191 F. App'x 822 (10th Cir. 2006)).

[8]*Johnson*, 934 F. Supp. at 385 (citing *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1145–46 (10th Cir. 1990)).

[9]Doc. 42 at 1.

violated the petitioner [sic] right to diversity."[10]  Finally, he asserts the Court's previous

Order is a "void judgment."[11]

Having considered Plaintiff's arguments, the Court finds there are no "exceptional

circumstances" as set forth under Rule 60(b) to warrant relief from the Court's previous

Order.  Plaintiff's arguments of fraud, void judgment, and general "overreach of

authority" are conclusory and not supported by any specific factual assertions or

arguments by Plaintiff.  Additionally, Plaintiff's arguments regarding the application of

sovereign immunity and the principle of comity are simply rehashes of arguments he

made in opposing Defendants' motions to dismiss and which the Court thoroughly

considered in its previous Memorandum and Order.[12]  Accordingly, the Court finds that

relief from the previous Order is not warranted.  Plaintiff's motion for relief from

judgment is denied.

## IV.    Motion for Disqualification of Judge

Under 28 U.S.C. § 455(a), "any justice, judge, or magistrate judge of the United

States shall disqualify [herself] in any proceeding in which [her] impartiality might

reasonably be questioned."  Section 455(b)(1) provides that a judge must also recuse

herself where she "has a personal bias or prejudice concerning a party."  Plaintiff argues

the Court ignored his arguments in his response to Defendants' summary judgment

motion, and "only looked at bits and pieces of the entire context of the case."[13]  The

Court did not consider Plaintiff's or Defendants' arguments in their summary judgment

---

[10]*Id.* at 13.

[11]*Id.* at 6, 13.

[12]*See* Doc. 40 at 4–10.

[13]Doc. 48 at 1–3.

briefings because the Court found this motion moot.  The Court had previously granted

Defendants' motions to dismiss, and thus a ruling on the summary judgment motion was

unnecessary.[14]  Defendant further argues that the Court "failed to acknowledge" certain

cases that he argues support his position and engaged in "erroneous error and application

of law."[15]  As explained above, the Court thoroughly considered the arguments Plaintiff

made in his responses to Defendants' motions to dismiss.[16]  Plaintiff's arguments that the

Court committed error or ignored his arguments are conclusory.  Furthermore, even if the

Court found that it had misapprehended the law, this alone does not provide a basis for

disqualification from a case.[17]  Accordingly, the Court denies Plaintiff's motion for

disqualification.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant California State

Agency Insurer is **dismissed** from this case.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's Motion for Relief

from Judgment (Doc. 42) is **denied**.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's "Motion for Leave of

Court to Amended [sic] and Correct Typo Error in Reference to Prior Supreme Court Reference"

(Doc. 47) is **granted**.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's Motion for

Disqualification of Judge (Doc. 48) is **denied**.

**IT IS SO ORDERED.**

---

[14]*See, e.g.*, *Lydbrook v. Members of Farmington Mun. Schs. Bd. of Educ.*, 232 F.3d 1334, 1336 (10th Cir. 2000) (describing how district court granted motion to dismiss and denied motion for summary judgment as moot).

[15]*Id.*

[16]*See* Doc. 40.

[17]*See* 28 U.S.C. § 455.

Dated: January 17, 2018                           6

                                    S/ Julie A. Robinson
                                    JULIE A. ROBINSON
                                    CHIEF UNITED STATES DISTRICT JUDGE